IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW K. BOLLINGER,<br><br>    Plaintiff,<br><br>vs.<br><br>AUTOZONERS, LLC,<br><br>    Defendant. | 8:21CV225<br><br>MEMORANDUM<br>AND ORDER |

  Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

### I. SUMMARY OF COMPLAINT

  Plaintiff alleges that he was constructively discharged from his employment for objecting to and reporting a manager's sexual harassment of Plaintiff's female co-worker. Plaintiff claims that in April 2019, Steve Evans, the territory sales manager, sexually harassed employee Destinee Andrews, a driver, by forcing her to move to a store that was close to his home, by threatening that Andrews would never receive promotions if she didn't change store locations, and by making "sleazy" comments to her and another female employee. (Filing 1 at CM/ECF p. 9.) Plaintiff reported such behavior to the regional office on April 24, 2019.

  Plaintiff also claims that on May 30, 2019, he "was injured on the job as a result of harassment for reporting sexual harassment." While unclear, it seems Plaintiff is alleging that his employer intentionally short-staffed his location in an

effort to punish Plaintiff for reporting the harassment and, as a result, he "spent the entire day in the hospital for a hernia I pulled in my rush of trying to still run a 5 man job solo." The next day, Plaintiff told management that "the alienation and retaliation" for Plaintiff's reports to management "has to stop." (Filing 1 at CM/ECF pp. 9, 11.)

In June 2019, management allegedly told Plaintiff he needed to sign a "write up" admitting that Plaintiff was the one actually harassing Andrews, and if he refused to sign it, Plaintiff would lose his job. (Filing 1 at CM/ECF p. 10.) Plaintiff refused to sign the document, left his employment on July 26, 2019, and accepted a job with a competitor the next day.

After beginning his new job, Plaintiff alleges that on August 1, 2019, his former employer reported him to security at Offutt Air Force Base as he was trying to make a delivery for his new employer, causing an investigation by "security forces." The next day, his former employer falsely told numerous of his customers that he "had stolen from numerous customers and messed up their billing accounts" before he left his job. (Filing 1 at CM/ECF p. 11.)

Plaintiff filed a charge with Equal Employment Opportunity Commission on August 1, 2019, and Plaintiff received his right-to-sue notice on March 19, 2021. (Filing 1 at CM/ECF p. 5.)

## II. STANDARDS ON INITIAL REVIEW

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser

pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Very liberally construed, Plaintiff here apparently seeks to assert a claim for employment retaliation. A plaintiff need not plead facts sufficient to establish a prima facie case of employment retaliation in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION

It appears Plaintiff is bringing a retaliation claim under Title VII, which prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v.*

*Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation omitted).

The first element can be shown by opposing an act of discrimination that Title VII makes unlawful or by participating in an investigation under Title VII. *Lopez v. Whirlpool Corp.*, 989 F.3d 656, 664 (8th Cir. 2021). Here, Plaintiff alleges that he opposed and reported a manager's sexual harassment of Plaintiff's co-worker.

As to the second element,

> [a]n adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge.

*Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Plaintiff alleges that he suffered the adverse employment action of constructive discharge as a result of his opposing his employer's sexual harassment of a fellow employee. Further, Plaintiff has also alleged that his constructive discharge closely followed his complaints to management about the sexual harassment, suggesting a causal connection between the two.

Because Plaintiff has plausibly alleged a claim for retaliation under Title VII, service of process will be ordered.

IT IS ORDERED:

1. Plaintiff's claim for retaliation under Title VII may proceed to service of process.

2. For service of process on Defendant AutoZoners, LLC, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "123 S. Front Street, Memphis, TN 38103" and forward

them together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order to the Marshals Service.[1] **The Marshals Service shall serve Defendant AutoZoners, LLC, at 123 S. Front Street, Memphis, TN 38103**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

5. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 12th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge