IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW K. BOLLINGER,<br><br>   Plaintiff,<br><br>vs.<br><br>AUTOZONERS, LLC,<br><br>   Defendant. | 8:21CV225<br><br>ORDER **(AMENDED)** |

A discovery conference was held on March 10, 2023 to discuss discovery disputes between the parties. (Filing No. 33). The court made oral rulings of record on these disputes. This order provides a written summary of those rulings.

DISCOVERY AT ISSUE

A. Defendant's discovery

Defendant asserts Plaintiff has not adequately responded to written discovery. The following discovery requests and responses are at issue.

  INTERROGATORY NUMBER 1: Please Identify and list each source of any money, income, benefits, or financial assistance You have received or claim You are owed since your separation from AutoZone in July of 2019. For each source of income provide the following information:

  a. identify the name and address of each source of income, including but not limited to employment with a company; any other form of employment, self-employment; work as an independent contractor; unemployment, disability, workers' compensation, or Social Security benefits; Medicare; pension or annuity; and alimony or other court-ordered payments.

  ANSWER: I received a deposit of 0.41 cents on 5/15/2020 from AutoZone.

  INTERROGATORY NUMBER 2: Please Identify in detail every effort You have made to obtain work while employed with AutoZone or since your employment with AutoZone ended, on July of 2019, including but not limited to

any advertisements regularly reviewed, advertisements responded to, employment agencies or recruiters contacted, job search services consulted or used, applications or resumes submitted, interviews obtained (whether accepted or not), and offers of employment received (whether accepted or not).

ANSWER: I am not unemployed.

INTERROGATORY NUMBER 4: If You contend that any present or former employee, agent or representative of AutoZone has made a statement against interest, present sense impression, excited utterance, or admission of a party opponent, then please Identify each statement, the date and place it was made, and any witnesses to this statement.

ANSWER: See attached.

INTERROGATORY NUMBER 6: Please itemize and Describe each element of damages sought, including a brief description of the item of damage, the total amount claimed, and the method or formula used to compute the amount, including the time period over which the amount should be computed. If the dollar amount of any item of damage is not yet known, state the method or formula by which You contend such amount should be computed (and the time period over which You contend such amount should be computed), and Describe all documents or other information that You claim to need in order to be able to complete your damages calculation.

ANSWER: Will need items from my request for production to finish this.

REQUEST FOR PRODUCTION 5. Please produce all notes, logs, diaries, journals, calendars, recordings, and other records made or kept by You during the period you were employed by AutoZone and/or which memorialize or reflect the way in which You allege You were subject to harassment, discrimination or retaliation by AutoZone, and/or any of their employees.

RESPONSE: "See answer 2," which states "Will include all images sent to EEOC (see attached)."

REQUEST FOR PRODUCTION 4. Please produce all affidavits, declarations, written or recorded statements, notes, and other documents or tangible items that You believe reflect or record any conduct, behavior, or statement supporting the allegations made and claims asserted in your Complaint.

RESPONSE: "See answer 2," which states "Will include all images sent to EEOC (see attached)."

REQUEST FOR PRODUCTION 13. Please produce all documents that You contend represent any complaints or reports of alleged harassment,

discrimination or retaliation, or other mistreatment or wrongdoing that you claim you made to AutoZone's management or human resources personnel.

>RESPONSE: "See answer 2," which states "Will include all images sent to EEOC (see attached)."

B. Plaintiff's discovery

Plaintiff filed a motion to compel, essentially stating Defendant has not provided documents that exist and/or has altered or fabricated other documents. (Filing No. 29). Defense counsel states that no later than November 2022, Autozone disclosed any and all information for this case in its possession. Defendant further objects that the motion to compel is untimely.

## RULING

After considering the parties' arguments,

IT IS ORDERED:

A. As to Defendant's discovery,

1) Plaintiff must disclose any and all information, whether written or verbal, including but not limited verbal statements by the defendant or employees of the defendant, that the plaintiff intends to use against the defendant at trial.

2) As to any and all text messages disclosed, Plaintiff must organize the text messages so that they can be readily understood by the defendant, marking on each the date and time of the message and the identity of the person who sent it.

3) Plaintiff must list all income received by Plaintiff since July 2019, from any source, and for each amount received, Plaintiff must identify the source of the income, the amount received, why it was paid, and the date of receipt.

4) If Plaintiff believes Defendant still owes wages or other compensation to Plaintiff, he must state the amount owed and explain how he calculated that amount.

5) Plaintiff must provide a list of all damages he will request at trial, and how he calculated any amounts he will request.

6) If Plaintiff is claiming he lost income due to Defendant's alleged misconduct, Plaintiff must list every effort he made to obtain income to replace what he lost, including a listing of all agencies (governmental or private), businesses, or persons, contacted to obtain additional income, when each effort was made, the outcome of each such effort, and the amount you earned or hoped to earn as a result of each effort.

7) The parties shall make reasonable attempts to collect the investigative files of the NEOC for this case, including all documents sent to the NEOC by either party for its review.

8) Defendant shall send Plaintiff a copy of the EEOC file in its possession.

B. <u>As to Plaintiff's motion to compel</u>, (Filing No. 29),

1) Plaintiff's request for other employee's tests and test results is denied as irrelevant and unduly intrusive on the rights of nonparties.

2) Based on defense counsel's assurance that all documents in Defendant's possession regarding this case have already been disclosed to Plaintiff, the motion to compel filed by Plaintiff is denied.

**The parties are reminded that absent a showing of good cause, any information that is not disclosed in response to discovery requests or as required under Rule 26(a) cannot be used at trial**.

C. The parties shall comply with the requirements set forth herein on or before April 3, 2023.

4

March 13, 2023　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

5