IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW K. BOLLINGER,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONERS, LLC,<br><br>Defendant. | 8:21CV225<br><br>MEMORANDUM<br>AND ORDER |

On June 15, 2021, plaintiff Andrew K. Bollinger ("Bollinger") brought this action *pro se* against his former employer, defendant Autozoners, LLC ("Autozoners"), alleging a slew of employment-discrimination claims (Filing No. 1). On November 12, 2021, the Court permitted Bollinger to proceed in forma pauperis on his retaliation claim under Title VII of the Civil Rights Act, *see* 42 U.S.C. § 2000e *et seq*. (Filing No. 6). *See* 28 U.S.C. § 1915(e)(2) (requiring the Court to dismiss such a case upon determining that the action is frivolous or fails to state a claim).

After the Court denied Autozoners's motion to dismiss Bollinger's claim (Filing No. 20), the parties were directed to commence discovery. The magistrate judge set the deadline for depositions for July 21, 2023. *See* Fed. R. Civ. P. 16(b) (requiring the Court to issue a scheduling order setting the terms and dates for discovery). The last day for motions for summary judgment or dismissal was August 21, 2023. During the discovery process, the magistrate judge resolved multiple disputes over production (Filing No. 35). It does not appear that any party took depositions.

Now before the Court is Autozoners's Motion for Summary Judgment (Filing No. 38). *See* Fed. R. Civ. P. 56(a). Autozoners contends that, based on the "undisputed evidence," Bollinger cannot demonstrate he engaged in protected activity or was subject to the materially adverse employment actions necessary to support his claim. Autozoners

asserts it is therefore entitled to summary judgment because "he cannot meet his burden to establish his prima facie retaliation claim." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating summary judgment is necessary where a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial").

Bollinger retorts that Autozoners's motion is "not only in error but also in bad faith and yet another tactic to delay" a trial on his retaliation claim (Filing No. 41). He also claims the motion is a "last ditch effort" to "avoid depositions" he wished to take. Throughout his response, he attempts to rebut much of the evidence Autozoners provides in support of its motion, alleging it is falsified or contradicted by his own experience or evidence, the bulk of which he has apparently failed to provide to the Court.

Overall, Bollinger's objections (Filing Nos. 41, 43) demonstrate a deep misunderstanding of the procedures of this Court. As described below, the Court's careful review of the complicated record in this case reveals, at this point, that misunderstanding would result in Bollinger forfeiting his claim and require the Court to grant summary judgment in favor of Autozoners.

Though he will ultimately be held to the same summary-judgment burden as every other litigant before the Court, the Court will allow Bollinger some leeway as he is proceeding *pro se*. *See Sisney v. Kaemingk*, 886 F.3d 692, 697 (8th Cir. 2018) (explaining *pro se* litigants are entitled to a liberal construction of their pleadings but are subject to summary-judgment rules). Out of an abundance of caution and a desire to achieve a fair result, the Court will give Bollinger one more opportunity to properly respond to Autozoners's motion. *See* Fed. R. Civ. P. 56(e)(1) (providing that the Court may give a party "an opportunity to properly support or address" an assertion they fail to properly support or address on summary judgment).

To start, the Court notes that Bollinger has missed his opportunity to take depositions to support his claim. It is unclear what Bollinger intends to convey by implying that Autozoners was blocking depositions during discovery or through its summary-judgment motion. Regardless, the time for taking depositions has come and gone, and the record indicates neither party took depositions nor attempted to compel depositions in the face of any roadblocks. His May 5, 2023, letter offering "an opportunity to settle" the matter instead of going "in to depositions and carry[ing] this out further" did not suffice to notify Autozoners of his intent to conduct depositions. *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). And Bollinger doesn't appear to have followed up after this letter anyway.

It is further apparent from Bollinger's objections that he misunderstands the procedure and standard for summary judgment. Notably, the form of his opposition to Autozoners's motion does not comply with local rules. Bollinger should particularly review Nebraska Civil Rule 56(b)—which is available to him on the Court's website—for guidance on how to properly oppose Autozoners's motion for summary judgment. Under that rule, his present response is inadequate as he has not, for example, filed "a separate statement of concise responses to the moving party's statement of material facts" numbered according to the local rules and clearly stating whether those facts are "undisputed," "disputed," or "undisputed in part and disputed in part." NECivR 56(b)(1). Nor do his existing responses "pinpoint references to affidavits, pleadings, discovery responses" or other materials in the record before the Court that he relies upon in denying Autozoners's assertions. NECivR 56(b)(1)(A).

Given the breadth of his alleged factual disputes, Bollinger may also wish to file a separate statement of additional material facts. *See* NECivR 56(b)(2). Those facts which he believes are material to his retaliation claim and not addressed by Autozoners's

existing statement (Filing No. 38-2) should similarly be supported by evidentiary materials.  *See* NECivR 56(b)(1)(A), (b)(2).

In the same vein, Bollinger is also required to "file and serve supporting evidentiary material not previously filed" that he relies on to oppose summary judgment, and "cite to the pertinent page" of those materials in making "factual assertions." NECivR 7.1(b); *accord* Fed. R. Civ. P. 56(c).  Any documents filed in this manner must also be identified and authenticated through a sworn affidavit "made on personal knowledge" of the affiant.  *See* NECivR 7.1(b)(2)(C).  His evidentiary materials must be filed separate from his opposition brief and statement of facts in a clearly labeled index of evidence.  *See* NECivR 7.1(b)(2)(B).

Bollinger should also familiarize himself with the standards for opposing summary judgment.  Summary judgment is not disfavored—or, as Bollinger suggests, a mere "tactic to delay" trial—but is an "integral part" of federal civil procedure designed to prevent "unwarranted consumption" of resources at trials based on claims and defenses lacking in factual basis.  *Celotex*, 477 U.S. at 327; *see also Ebersole v. Novo Nordisk, Inc.*, 758 F.3d 917, 923 (8th Cir. 2014) ("There is no discrimination-case exception to a district court's power to grant summary judgment.").  Under Federal Rule of Civil Procedure 56, the Court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

To successfully defend against a motion for summary judgment, Bollinger must present more than "[t]he existence of a scintilla of evidence in support" of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  He also "must do more than raise some metaphysical doubt about the material facts, and cannot rest on mere denials or allegations." *Bedford v. Doe*, 880 F.3d 993, 997 (8th Cir. 2018) (internal citations omitted); *see also Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC*, 76 F.4th 753, 757 (8th Cir. 2023).

4

Instead, Bollinger must "set forth specific facts," *Greater St. Louis Constr. Laborers Welfare Fund*, 76 F.4th at 757 (quoting *Rose-Maston v. NME Hosps.*, 133 F.3d 1104, 1107 (8th Cir. 1998)), supported by the record which demonstrate an issue exists for trial in that "(1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party," *Morrow v. United States*, 47 F.4th 700, 704 (8th Cir. 2022) (quoting *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995)).

With respect to his retaliation claim, Bollinger must at least present enough evidence on summary judgment to make a prima facie showing of unlawful retaliation. "A prima facie case of retaliation requires the plaintiff to show (1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action; and (3) a causal connection between the two." *Anderson v. KAR Glob.*, 78 F.4th 1031, 1036 (8th Cir. 2023) (quoting *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 924 (8th Cir. 2018)).

"Under Title VII, 'protected activity' includes opposition to discriminatory employment practices prohibited under Title VII. Such practices are those that discriminate with respect to 'compensation, terms, conditions, or privileges of employment, because of [an] individual's race, color, religion, sex, or national origin.'" *Warren v. Kemp*, 79 F.4th 967, 974 (8th Cir. 2023) (quoting § 2000e-2(a)(1)). Bollinger need not show that the practice he opposed was actually unlawful but must "demonstrate that he had a 'good faith, reasonable belief that the underlying challenged conduct violated Title VII.'" *Id.* (quoting *Bakhtiari*, 507 F.3d at 1137). He must also present evidence demonstrating that individuals at Autozoners who allegedly took action against him "knew that he had engaged in statutorily protected activity." *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 818 (8th Cir. 1998).

Further, while Bollinger alleges a variety of retaliatory conduct, he should keep in mind that "Title VII's 'antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm.'" *Sellars v. CRST Expedited, Inc.*, 13 F.4th 681, 692 (8th Cir. 2021) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)). Such harm must also be shown to be objectively material. *Id.* Specifically, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Muldrow v. City of St. Louis*, 30 F.4th 680, 691 (8th Cir. 2022) (quoting *Burlington N.*, 548 U.S. at 68); *see also Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 943 (8th Cir. 2019) (stating that actions upsetting to an employee, like the spreading of rumors, may nonetheless be insufficient as a basis for a retaliation claim); *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 929 (8th Cir. 2007) (describing that standard as "significant").

Finally, Bollinger must show that his engagement in "protected activity was a but-for cause of the alleged adverse action by" Autozoners. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *see also Carrington v. City of Des Moines*, 481 F.3d 1046, 1053 (8th Cir. 2007) (stating that, should the employer be able to demonstrate a legitimate reason for their actions, the plaintiff must show evidence creating a reasonable inference that reason is "pretextual and that retaliation was a determinative—not merely a motivating—factor"). While temporal proximity "between the protected conduct and the adverse employment action" may be relevant to such a showing, it is generally not sufficient to prevent summary judgment on a retaliation claim. *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999).

Bollinger is also advised that, even if he can make this prima facie showing, it may not be enough to prevent summary judgment on his retaliation claim. If Autozoners can present a "legitimate, non-retaliatory reason for the adverse action," Bollinger then

6

bears the burden to create "a genuine issue of material fact regarding pretext." *Hairston v. Wormuth*, 6 F.4th 834, 842-43 (8th Cir. 2021) (first quoting *Gibson v. Geithner*, 776, F.3d 536, 540 (8th Cir. 2015), then quoting *Yearns v. Koss Constr. Co.*, 964 F.3d 671, 675 (8th Cir. 2020)); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973) (setting forth this burden-shifting framework for employment-discrimination claims). That burden to show pretext can be satisfied a number of ways but is substantial. *See Hairston*, 6 F.4th at 843 (quoting *Yearns*, 964 F.3d at 675).

At this point, Bollinger has failed to defend against Autozoners's motion as he has failed to properly respond to their statement of facts or arguments. He also has not provided sufficient evidence to support his claims as his objections primarily are supported by bare assertions of wrongdoing. *See O'Brien v. Dep't of Agric.*, 532 F.3d 805, 811 n.3 (8th Cir. 2008) (concluding a plaintiff's "bare assertion and speculation" were insufficient to establish a genuine issue of material fact).

Instead of granting summary judgment on this basis, the Court will give Bollinger a final chance to support his retaliation claim with the evidence he has in his possession. To that end, Bollinger has forfeited the opportunity to take depositions or complete other discovery to further support his claim. With keen attention to the rules and standards described herein, Bollinger shall file a proper response[1] to Autozoners's pending motion for summary judgment on or before March 18, 2024. Failure to do so will result in the entry of summary judgment against him.

IT IS SO ORDERED.

---

[1] Bollinger should be aware that his response to Autozoners's motion for summary judgment will be the only response permitted without leave of Court, which is very unlikely. *See* NECivR 7.1(c)(3) ("No party may file further briefs or evidence without the court's leave."); *accord Libault v. Mamo*, No. 4:22CV3096, 2023 WL 1474853, at *1 (D. Neb. Feb. 2, 2023) ("There is no provision in either the Federal Rules of Civil Procedure or the Court's local rules expressly authorizing the filing of a sur-reply.").

Dated this 27th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge